7 U.S. 492
 3 Cranch 492
 2 L.Ed. 509
 LAWRASON
v.
MASON.
 February Term, 1806
 
 1
 ERROR to the circuit court of the district of Columbia.
 
 
 2
 This was an action of assumpsit, brought by Mason, against Lawrason, surviving partner of the firm of Lawrason & Smoot, upon the following note: 'Alexandria, 28th November, 1800.
 
 
 3
 'Mr. James M'Pherson,
 
 
 4
 'Dear Sir.
 
 
 5
 'We will become your security for one hundred and thirty barrels of corn, payable in twelve months.'
 
 
 6
 (Signed) 'LAWRASON & SMOOT.'
 
 
 7
 The declaration contained several counts, laying the assumpsit in different forms, but the substance of each was, that the plaintiff, relying on and placing confidence in the promise of the defendants, and at their instance and request, sold and delivered the corn to M'Pherson, at the price of three dollars a barrel, who, although requested, never paid the plaintiff therefor, of which the defendants had notice, whereby the defendants became liable, and, in consideration thereof, promised to pay. The defendants pleaded the general issue, and at the trial a verdict was taken for the plaintiff, subject to the opinion of the court upon a demurrer to evidence, which stated, in substance, that the defendants signed and delivered the said note to M'Pherson—that he applied to the agent of the plaintiff for the corn, and offered three dollars a barrel, payable in twelve months that the agent consulted the plaintiff, who agreed that M'Pherson should have the corn on those terms, if he would give security that M'Pherson then offered as his security, Lawrason & Smoot. The agent agreed to take them, if they would give their assumption in writing. In a few days afterwards, M'Pherson sent to the agent the said note of Lawrason & Smoot. Before the corn was delivered, the agent informed the plaintiff what had passed between himself and M'Pherson, relative to the corn, and also showed him the note, and asked him whether it would do; to which he replied, he supposed it would. But they called upon Lawrason, and asked him if he was content to be M'Pherson's security for this corn. He hesitated at first, but said he must be so, as he had promised; or, as his word was out, he would; or words to that effect: whereupon the plaintiff suffered M'Pherson to take the corn, at the price of three dollars per barrel, which he agreed to give. That there was another debt due to the plaintiff from M'Pherson, about the 1st of January, 1801, which he was unable to pay.
 
 
 8
 That about the 1st of January, 1800, M'Pherson gave his promissory note for the amount due for the corn, payable to Lawrason & Smoot, with intent that they should indorse it, but, upon its being presented to Smoot, he refused, saying, that M'Pherson had failed to furnish them with meal, which he had agreed to deliver to them for their indorsement; he therefore would not become security; but upon being shown the note of 28th of November, he acknowledged that it had been given by them.
 
 
 9
 The plaintiff also produced the certificate of discharge of M'Pherson, under the bankrupt law, dated the 15th of September, 1802, and proved by witnesses that he became insolvent in the year 1800.
 
 
 10
 Upon this demurrer the judgment of the court below was for the plaintiff.
 
 
 11
 Swann, for plaintiff in error. The promise in this case was not made to the plaintiff; and no action can be maintained against a person who is a stranger to the consideration, and who is not a party to the agreement, Cro. El. 369, Jordan v. Jordan. Esp. N. P. 105, 106. Perhaps an action might lay for the deceit, but not upon the assumpsit. The will of both parties must concur at the same moment. If I make an offer of goods at a certain price, and give time to the other party to consider of it, and within the time the other party agrees to the terms, I am not bound to comply. There was no consideration, and consequently no contract, 3 T. R. 653, Cooke v. Oxley.
 
 
 12
 Besides, it does not appear that the money was ever demanded of M'Pherson; and, until he had refused to pay, no right of action could accrue against the defendant.
 
 
 13
 C. Lee, contra. There is an essential difference between common contracts and a letter of credit. The latter is a mercantile instrument, bottomed upon the principle of good faith. It is a promise to him who will give credit to the third person, and the consideration is the actual delivery of the money or goods to the third person, upon the faith of the letter of credit. This is, therefore, a promise to the plaintiff, and a good consideration is raised by the delivery of the corn upon the faith of the defendant's note in writing. All the forms of action upon a letter of credit, are in assumpsit.
 
 
 14
 It is objected that no demand was made on M'Pherson; the answer is, that he was known to both parties to be insolvent.
 
 
 15
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect:
 
 
 16
 This action is grounded upon a note in writing, which was certainly intended by the defendants to give a credit to M'Pherson. They are bound by every principle of moral rectitude and good faith to fulfil those expectations which they thus raised, and which induced the plaintiff to part with his property. The evidence was clear that the credit was given upon the faith of the letter.
 
 
 17
 Unless, therefore, there is some plain and positive rule of law against it, the action ought to be supported.
 
 
 18
 In the case cited from Espinasse, the rule is laid down too broadly. If compared with analagous cases, it will be found to be considerably modified.
 
 
 19
 Thus, if money be delivered by A. to B. to be paid over to C. although no promise is made by B. to C. yet C. may recover the money from B. by an action of assumpsit.
 
 
 20
 If it be said that in such a case the law raises the assumpsit from the facts, and if the facts do not imply an assumpsit, no action will lay;—it may be answered, that in the present case there is an actual assumpsit to all the world, and any person who trusts, in consequence of that promise, has a right of action.
 
 
 21
 It has been suggested by the counsel for the defendants, that, although an action of assumpsit will not lay, yet possibly the plaintiff might support an action for the deceit. But an action for the deceit must be grounded upon the breach of the promise. And if an action will lay in any form, the present seems to be at least as proper as any other.
 
 
 22
 Judgment affirmed.