Opinion of the court, by
Judge Collet:
The settlement and giving the single bill on that settlement, by McConnell to Bush and Tuttle, for the balance due from McConnell to the plaintiffs, found by the verdict, are facts which wore stated in the defendant’s plea. The plaintiffs contend, that as the replication originally filed to the defendants’ plea in bar denied its truth, and as the demurrer admitted the truth of the replication, and consequently that the plea was false, the defendants are estopped from insisting on these facts, on the inquiry of damages. A demurrer admits the truth of the pleading demurred to, as far as is necessary, to enable the court to determine on the pleading objected to, and no further. In this case the demurrer was used as a demurrer to the declaration ; it admitted the covenants stated in the declaration, that the plaintiffs delivered, in pursuance of the covenant one cent’s worth of goods to McConnell, and that McConnell violated the covenant by not accounting for one cent’s worth of goods, whereby the plaintiffs were injured one cent; it admitted no more, for no more was necessary to enable the court to determine ^whether the declaration was or was not good. A plea in bar frequently contains a number of facts; if either of them is not true the bar is destroyed, and the plea, as a bar, is false. As, where B. covenants with A. to build three houses; A. sues B. for not building them; B. pleads in bar performance, specially ; A. replies, denying the plea. On the trial of the issue, if it appears that two of the houses are built and occupied by A.; that there is one dollar’s worth of work necessary to complete the third, the jury must find the replication true and the plea false, and shall assess the damages of A. at one dollar, or such sum as *100 shall compensate A. for his injury. The evidence produced to» prove the issue is the evidence indispensable to enable the jury justly to estimate the damages.
If there had been a demurrer to the replication it would have-admitted that the replication was true, as the jury found that the facts stated in the bar were so far false as to destroy the bar, and no farther ; that is, that the three houses were not all finished.
On an inquiry of damages the jury would not have had to try the issue ; the demurrer had admitted that the facts stated in the plea were so far false as not to be a bar; but they would hear all the evidence relative to the building of the houses; that would be-indispensable to justice, and not incompatible with the admission that there was no bar. The decision of the court in'this ease, that the replication was good, determined the issue, deprived the defendants of their bar, and subjected them to have damages assessed against them on the inquiry, but nothing more. On an inquiry after a default, or a judgment or demurrer to the declaration, or against the defendant on any other pleadings, the question with the jury is the same ; what damages has the plaintiff sustained by the breaches assigned ? The evidence must, of necessity, be the same.
“ An estoppel is where a man is concluded by his own act or-acceptance, to say the truth.” Comyn’s Digest, Estop, A, 1. When the jury find the truth of the fact the court will give judgment according to the finding, without regard to the estoppel. Ibid. E, 10. All pleas in estoppel are regarded unfavorably, and must be certain in every particular. Steph. Pl. 357. The evidence on this ground can not be rejected. *But that these notes to Bush and Tuttle so changed the contract with McConnell and the plaintiffs, as to be a discharge of the defendants on an inquiry for damages, can not be successfully contended. The inquiry with the jury is, what damages have the plaintiffs sustained by the unfaithfulness of McConnell ? The defendants, on the inquiry, could prove that McConnell received no goods of the plaintiffs, or that he had returned them all, or that he fairly sold all he received, apd justly accounted for, and paid to the plaintiffs the whole amount of the sales, if the facts were so, and reduce the damages to one cent. If pleaded these would have been bars, but they are subjects, properly, of inquiry with a jury, in assessing damages. There are-other bars not so; as infancy and duress. 1 Chit. Pl. 479. They *101 ffo not show that the plaintiffs sustained no damage, nor that the damages have been paid; and, therefore, the jury of inquiry in covenant, can not consider them ; so in this case, these notes being given to Bush and Tuttle, or that they were made payable one day ■after date, does not show that the plaintiffs sustained no damages, or that the damages have been paidj but the contrary.
The defendants, if the court are of opinion that they can not avail themselves of this defense, in mitigation of damages, move for leave, on terms, to plead it in bar. We do not know the exact terms of the second contract between McConnell and the plaintiffs, under which he received and sold the goods, after the date of the defendants’ covenants. By the defendants’ contract, if McConnell was furnished with goods, by the plaintiffs, for a year at least, to retail, the defendants undertook that he would faithfully sell, and ■account with, and pay over the proceeds to the plaintiffs. That he should retail some on credit was not inconsistent with their undertaking ; if he did, it could not be inconsistent with the defendants’ undertaking, that, on a settlement with McConnell, he should have a reasonable time to collect and pay over that part of the price of the goods, which was uncollected; neither could it be inconsistent with it to take McConnell’s note or notes, evidencing the balance found due from him on the settlement and giving time to pay. Before the end of the year for which McConnell was to be ^supplied with goods, he and the plaintiffs closed their business. Could it be expected that time would not be necessary for McConnell to pay?
The object of the ordinary letter of credit, given to a merchant, warranting his pay for goods he might purchase, is that he may have time to pay; the giving him the ordinary eredit, the taking .a note for the amount, the indorsing the note to a bank in the neighborhood of the maker, or to an individual for collection, is not a discharge of the guarantor’s undertaking; it is all within .and according to it.
The opinions of the plaintiffs or defendants, as to the effect of giving these notes, on the guaranty of the defendants, can not affect it. Will the opinion a man may entertain of his title to a tract of land either vest or divest the title? Will the court admit or reject the deeds according to the opinion that the parties may -at some time have, expressed ? That an act done under a mistake ■of the law should bind, is a principle hard, and complained of; but *102 that the mere error, without any act being done in consequence of it, should divest a person of his right, would be still harder. That the defendants were indemnified, canmot subject them to the-demand of the plaintiffs, if they would not otherwise be subject to it.
Whether taking the notes, one payable to Bush, the other to Tuttle, for their several proportions of the balance due from McConnell, and not to the plaintiffs jointly, is such a variation of the contract with McConnell as to discharge the defendants, it is not necessary for the court to decide. If it would the court would not grant a new trial, and leave to plead, to enable the defendants to set up such a bar; they would grant it only to let in a defense,, where substantial justice required it. The taking these notes in this manner did not in any way injure them. The defendants-covenanted with the plaintiffs, that if they would deliver the goods to McConnell they would indemnify them for any loss they might, sustain by McConnell’s not paying over the proceeds of their sale. Relying on this, the plaintiffs advanced their goods to McConnell,, and he, of the proceeds of these goods, has kept back, and still, keeps back, twelve hundred and sixteen dollars.
*Every principle of justice requires that the defendants should pay this sum to the plaintiffs. 3 Cranch, 492. Judgment must be entered on the verdict for twelve hundred and sixteen, dollars and costs.