## Fahnestock *against* Schoyer.

The holder of a bill, drawn for specific articles of merchandise, and accepted, can not maintain an action against the acceptor in his own name for non-payment; it must be brought in the name of the drawer for his use, and the acceptor is not precluded from giving evidence of set-off, want of consideration, or an equity betwixt the original parties to the bill.

ERROR to the court of common pleas of *Allegheny* county.

Solomon Schoyer against Benjamin A. Fahnestock & Company. On the 15th of April 1837, Brewster, Newton & Spencer drew a bill, payable to bearer, on Benjamin A. Fahnestock & Co., for 350 dollars worth of dye stuffs, which was accepted by Benjamin A. Fahnestock & Co. Brewster, one of the drawers, testified on the trial, that he drew the bill, and went to the counting-house of the defendants, and told them that " he wanted them to accept the bill on its face; that he wanted to pass it away in a business transaction;" whereupon they wrote their acceptance upon the face of the bill; he also testified that " the contract was, that we were to give our note at four months, when they filled the order, after deducting the amount they owed us, which was about 80 dollars: they never demanded the note at four months."

Brewster, Newton & Spencer passed the bill to the plaintiff, Solomon Schoyer, for a valuable consideration in the purchase of land. This suit was brought upon the bill.

The defendants rested their defence upon two grounds.

1. That the character of the instrument was not negotiable, so as that the holder could maintain an action in his own name.

2. That the defendants may avail themselves of the want of consideration, or the existing equity between them and the drawer of the bill.

The court below ruled the first point against the defendants, and charged the jury that the action was rightly brought in the name of the holder of the bill. And on the second point, they permitted the defendants to give evidence of the consideration of the bill, and of the equity between the original parties to the bill. The jury found a verdict for the plaintiff.

*Williams* and *Dunlap*, for plaintiff in error, on the first point, cited *Chit. on Bills* 11, note; 3 *Caines's Rep.* 287; 1 *Chit.* 295; 2 *Bos. & Pul.* 79; 7 *Johns.* 321; 10 *Johns.* 417; 4 *Johns.* 235; 1 *Saund.* 211, n. 2; 4 *Johns.* 280; 1 *Dall.* 369; 6 *Mass. Rep.* 43; 2 *Mass. Rep.* 524; *Ohio Cond. Rep.* 465; 15 *Mass. Rep.* 367; 1 *Dall.* 268; 2 *W. Black.* 1269; 7 *Watts* 104; 3 *East* 171; *Com.*

[Fahnestock v. Schoyer.]

*Dig.* tit. Assumpsit, 227; 9 *Wend.* 317; 2 *Mass. Rep.* 281; 1 *Hard. Gil.* 484; 3 *N. H. Rep.* 82; 10 *Mad.* 294, 316; 10 *Serg. & Rawle* 94; *Doc. & Stu.* Dia. 2, ch. 4; 3 *Penns. Rep.* 282; 12 *Johns.* 190; 3 *Term Rep.* 623; 3 *Penns. Rep.* 414; 17 *Johns.* 458.

*Irwin* and *Williamson, contra*, cited 17 *Serg. & Rawle*, 250; 3 *Burr.* 1527; 6 *Watts* 184; 1 *Johns.* 139; 4 *Watts* 448; 3 *Cranch* 492; 4 *Term Rep.* 342; 9 *Serg. & Rawle*, 197; 2 *Yeates* 487; 3 *N. H. Rep.* 82; 16 *Serg. & Rawle* 212; 1 *Ohio Rep.* 376; 5 *Term Rep.* 485; *Amer. Prac.* 146.

PER CURIAM:—No contract, which is not negotiable by the statute of Anne, or the common law, can be sued in the name of a transferree: such is an admitted principle of the common law. What peculiar feature is there in this case to distinguish it? It is admitted, that the order is not negotiable as a bill of exchange; but it was accepted before it was passed to the holder, who may have taken it on the credit of the acceptance. There was, however, no privity of contract between him and the defendant; and how can he maintain an action of assumpsit without it? The acceptance was a special agreement in the nature of a guaranty, that the order would be paid; and such a guaranty was held in M'Doal *v.* Yeomans, 8 *Watts* 361, to be untransferable. The only case founded on an apparent exception to this principle of privity, is Lawrason *v.* Mason, 3 *Cranch* 492, in which an action was maintained on a general guaranty by a party who had subsequently given credit on the faith of it. That, however, was an anomalous case in which the guaranty was in the nature of a letter of credit; and, as the plaintiff could not have sued at all, if not in his own name, the action was sustained on a principle of necessity. Here the undertaking is special, and made directly with the drawer of the order for the benefit of any one who would advance his money on it; and the action should consequently have been brought in the drawer's name for the holder's use. Had previous acceptance of an inland bill entitled the holder to an action on it at the common law, there would have been no necessity for the statute; and there can be no difference in principle betwixt a draft for the payment of money, and an order for the delivery of goods. The consequence is, not only that the present action is unsustainable, but that the plaintiff can maintain no other which will exclude evidence of set-off, want of consideration, or an equity, betwixt the legal parties.

Judgment reversed.