## Elkinton *versus* Fennimore.

The holder of a note payable in specific goods, and therefore not strictly negotiable, may bring suit in his own name against a payee who has endorsed it "pay the bearer," and transferred it.

The action in such a case may be sustained upon the *indebitatus assumpsit* counts, as well as upon a count under the special circumstances.

Where a defendant who has appealed to the court of Common Pleas from an alderman, or justice of the peace, allows the judgment against him to be affirmed there without trial under a rule of court for default of appearance, when his cause, which had been properly set down on the trial list is called, he cannot, on a writ of error, object that the action had been misconceived; but the plaintiff will be considered as having obtained all the benefit which he could have claimed under the act of 1810, curing defects in form and substance on appeals from justices of the peace, if the question had been raised in the appellate court below.

A judgment under the circumstances stated, in pursuance of the preceding rule of court, merely affirms the judgment of the magistrate. It is not rendered upon the pleadings in the case, and no defect in them can be objected, upon a writ of error.

ERROR to the Common Pleas of *Philadelphia* City and County. This suit was originally brought by Benjamin S. Fennimore, the defendant in error, against John A. Elkinton, the plaintiff in error, before an alderman, upon an instrument of writing, dated on the 25th of April, 1842, made by D. B. Beck, and promising "to pay on demand to John A. Elkinton, or order, thirty-seven dollars and fifty cents, in painting, glazing, tailoring or beef, at market prices, without defalcation, for value received."

Elkinton endorsed this note "pay the bearer," and passed it to Isaac Perkins in payment for paving, who passed it to Benjamin S. Fennimore, defendant in error, for carpenter work.

Fennimore, after having first called upon Beck the maker of the note, (who refused to pay it, on the ground that the consideration on which he gave it to Elkinton had failed,) brought suit against Elkinton, the original payee and endorser, before an alderman; and finally obtained judgment against him for $46 68.

From this judgment Elkinton appealed to the court of Common Pleas. Fennimore declared in one count for money had and received, work and labor, goods, wares, &c., and upon an account stated, and a special count on the instrument in writing before mentioned in favor of the plaintiff as indorsee, against the defendant as indorser; defendant pleaded non-assumpsit, payment and set off, with leave, &c., to which there was no replication.

The cause was put upon the trial list, and on the 23d of September, 1847, the judgment of the alderman was affirmed by the court of Common Pleas, without trial, (the counsel for defendant not being present,) under a rule of court, which directs that "on

appeals from the judgments of justices and aldermen, on the calling of the trial list, if the defendant does not appear, and the plaintiff does appear, the court may affirm the judgment of the justice or alderman.".

January 22d, 1848, an affidavit was filed, and rule to shew cause why the *fi. fa.* should not be set aside, and judgment opened. February 26, 1848, rule discharged.

Upon that record, a writ of error was taken by Elkinton, and errors assigned:

1. Upon the face of the record, the plaintiff below had no cause of action against the defendant, the instrument of writing declared on not being negotiable.

2. A general judgment upon the several counts in the declaration is erroneous.

*G. Mallery*, for plaintiff in error, in relation to the first error assigned, cited M'Cormick *vs.* Trotter, 10 *S. & R.*, 94; do. 122; 9 *Watts*, 102; 4 *Watts*, 400; In relation to the second error, Anglo *vs.* Alexander, 7 *Bing.* 119, (20 *E. C. L. R.* 72;) Day *vs.* Robinson, 1 *Ad. & El.* 554, (28 *E. C. L. R.* 151,) 11 *Ad. & El.* 186, (39 *E. C. L. R.* 42,) 10 *Watts* 245, 2 *Johns. Cases*, 21; 1 *Ch. Plea.* 448, and authorities cited.

*Francis E. Brewster*, for defendant in error, cited sec. 23, act 20th March, 1810, *Purd. Dig.* 734; 16 *S. & R.* 56; 17 *S. & R.* 116; 5 *Watts* 70; 5 *Watts* 418; 16 *S. & R.* 350; 5 *Watts* 418; Dannahue *vs.* Daugherty, 5 *R.* 124.

The opinion of the court was delivered by

COULTER, J.—This is a proceeding commenced before an alderman, under the $100 act of 1810. A judgment was rendered against the defendant after the examination of witnesses on part of plaintiff below, on the day appointed for hearing, of which the defendant was duly notified. Upon his application, afterwards, the judgment was opened, and a new trial granted, upon which trial judgment was again rendered in favour of plaintiff. From this judgment the defendant appealed to the Common Pleas. The plaintiff filed his declaration containing several counts, to which the defendant pleaded; and the cause being on the trial list, and the defendant not appearing, the *judgment* of the alderman was *affirmed* by the court, under the 2d rule of the Common Pleas, which is as follows:—"On appeals from the judgments of justices and aldermen, on the calling of the trial list, if the defendant does not appear, and the plaintiff does appear, the court may affirm the judgment of the justice or alderman." We see no objection to the power of the court to make such a rule, nor any valid reason against its propriety. There was no trial in court,

nor judgment pronounced upon the pleadings as they existed in court: no action of the court founded upon those pleadings.

The plaintiff in error files two exceptions:

1st. Upon the face of the record, the plaintiff below had no cause of action against the defendant, the instrument declared upon not being negotiable. This assignment of error, if valid, will apply to the record before the justice, because the indorsee brings the action in his own name against the indorser. The plaintiff in error cites the case of M'Cormick *vs.* Trotter, 10 *S.* & *R.* 94 ; to shew that the holder of a promissory note not negotiable, cannot sue in his own name ; but that was a suit against the maker of the note, which renders the case totally different from the present. He cites, also, the case of Fahnestock *vs.* Schayer, 9 *Watts* 102, to establish that the holder cannot maintain an action in his own name on a note for specific goods, transferred to him by indorsement. But that was a check or draft accepted by the defendant, payable in specific goods, and indorsed after acceptance, where it was ruled that the holder could not maintain an action in his own name against the acceptor, because he, the acceptor, was entitled to set off against the plaintiff, and because the note was not negotiable. That, however, is the same principle as M'Cormick *vs.* Trotter, the acceptor being in the same category as the maker of a note. The case of Gray *vs.* Donahoe, 4 *Watts* 400, only establishes that a note payable in current bank notes, is not negotiable, and cannot be transferred by an endorsement in blank. Here the endorsement by Elkinton is "pay the bearer," which is equivalent to an assignment.

More apposite to the present case is Rankin *vs.* Woodworth, 2 *Watts* 134, where it was held that the holder of a note, which is payable to bearer, may maintain an action in his own name. And still more apposite is the case of Leidy *vs.* Tammany, 9 *Watts* 353. A promissory note payable to A, without words of negotiability, was, some time after it fell due, indorsed by A, and payment demanded by the holder from the maker; held, that the holder could maintain an action in his own name against A, the payee. Here is a note—and admit that it is not strictly negotiable, because it is payable in specific goods—yet it is a *chose*, and may be transferred for value. It is so transferred by the payee, and made payable to bearer. Now, who could bring the action against the payee, who transferred for value, if the holder cannot? He would go free. But, in Leidy *vs.* Tammany, the contrary was held, and so justice demands. This exception is formal and technical, and the 2d *proviso* in the 4th section of the $100 act, as it is generally called, provides, that upon any such appeal from the decision, determination or order of *two* justices of the peace to any court of Common Pleas in any county, the cause shall be decided in such court on its facts and merits only, and no deficiency

[Elkinton, *v.* Fennimore,]

in the form or substance of the record returned, nor any mistake in the form or name of the action, shall prejudice either party in the court to which the appeal shall be made.* Justices of the peace and alderman are not bred to the science of the law, and it would be incongruous to hold them to the strictness of pleading which prevails in Westminster Hall.

There was a trial on the merits before the alderman, and, if the plaintiff in error did not moot the matter in question before the appellate court, he cannot now convert this court into a *certiorari* tribunal, to examine alleged error in the proceedings of aldermen.

In Levan *vs.* Carver, 1 *Ash.* 30, it was ruled that on an appeal in an action on a note not negotiable, brought in the name of the holder, it cannot be objected that the action is misconceived; the mistake in form being cured by the act of 1810. And in Lyon *vs.* Chalker, 2 *Watts* 14, it was decided that if an action be brought before a justice of the peace, in the name of the holder of a note not negotiable, the form of the action may be altered, on appeal, so as to stand in the name of the payee for the use of the holder. These were actions against the maker of the note, where, in order to let him into equities against the payee of a note not negotiable, it was necessary to preserve the form of the payee suing for use of the holder. But no such necessity exists in the case of the holder against the endorser to bearer. All the equities which can exist are open between them. They are the contracting parties.

The 2d error is that a general judgment upon the several counts in the declaration is erroneous.

But, there was neither verdict nor judgment upon any of these counts. The court affirmed the judgment of the alderman, that judgment was rendered for the amount of the note, or, as the alderman calls it, the *due bill*, with interest till judgment; and could not have been predicated upon the counts in the *narr.* We are of opinion, however, that the counts are good, and that the holder might bring an action in his own name, against the indorser and payee of the note, and that it could be sustained on the *indebitatus* counts, (Leidy *vs.* Tammany,) as well as upon a count on the special circumstances. None of the counts being bad, a general judgment on those counts would be good.

Judgment affirmed.

Note.—The words "*two* justices" in the *proviso*, is evidently a mistake in transcribing the act. The meaning and intent is an appeal from the judgment of *one* justice, under the provisions of that act. Comfort *v.* Leland, 3 *Wharton* 82; McCahan *v.* Hirst, 7 *Watts* 175.