# Burke's Estate.

*Appeals—Findings of orphans' court—Review.*

1. A finding by the orphans' court, supported by sufficient and competent evidence that a claimant against a decedent's estate was a partner of deceased, will not be reversed in the absence of manifest error.

*Landlord and tenant—Oral lease—Term for more than three years.*

2. An oral lease for a term exceeding three years creates merely a tenancy at will.

3. A claim against a decedent's estate to recover an amount expended on the faith of an alleged oral lease, must be established by clear, satisfactory and unambiguous proof.

4. It is the duty of an auditing judge of the orphans' court to weigh oral testimony, and he is not bound to allow a claim against a decedent's estate merely because some oral evidence seems to support it.

*Evidence—Orphans' court—Exceptions—Appeals.*

5. No appeal lies from a ruling of the orphans' court excluding evidence where no exception is taken to such exclusion.

*Evidence—Giving of check—Presumption.*

6. The giving of a check will be presumed in the absence of evidence to the contrary to be in payment of a prior indebtedness, and not in the making of a loan.

Argued September 30, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 107, March T., 1927, by John S. Wilson, claimant, from decree of O. C. Allegheny Co., Jan. T., 1926, No. 280, dismissing exceptions to adjudication, in estate of Martin M. Burke. Affirmed.

Exceptions to adjudication of TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. John S. Wilson, claimant, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*John A. Freeman,* of *Watson & Freeman,* with him *John A. Metz,* for appellant.—This is a case where the tenant procured the alterations to be made, agreed to pay one-half of the cost of the same and actually entered into the contracts along with the landlord, by which both became personally liable for the obligations incurred in the work.

That such a contract is not within the statute of frauds we think has been squarely ruled: Heilman v. Weinman, 139 Pa. 143; McCafferty v. Griswold, 99 Pa. 270, 276; Sausser v. Steinmetz, 88 Pa. 324; Walter v. Transue, 17 Pa. Superior Ct. 94.

The law is well settled that, even if a parol lease for more than three years may not be specifically enforced on account of the statute of frauds, yet the party refusing to perform is liable for all expenses and costs incurred by the other party relying on the parol contract: Heilman v. Weinman, 139 Pa. 143; McCafferty v. Griswold, 99 Pa. 270; Walter v. Transue, 17 Pa. Superior Ct. 94; Sausser v. Steinmetz, 88 Pa. 324.

The loan of $1,000 made by appellant to deceased was sufficiently proven and should have been allowed.

*O. K. Eaton,* with him *Rody P. Marshall,* for appellee, cited as to the claim for the thousand dollar loan: Flemming v. McClain, 13 Pa. 177; Lowrey v. Robinson,

141 Pa. 189; City Trust v. Schwartz, 56 Pa. Superior
Ct. 645.

OPINION BY MR. JUSTICE WALLING, November 28, 1927:

Martin Burke, of Pittsburgh, died January 14, 1923,
and, at the audit of his estate, John S. Wilson, also of
Pittsburgh, presented claims, as a creditor, amounting
to approximately $26,000, exclusive of interest.  These
the auditing judge, after hearing the evidence and upon
due consideration, rejected, and, from the orphans'
court's decree approving the report of the auditing
judge, Wilson has appealed.  The case hinged on ques-
tions of fact, which the auditing judge found in favor
of Burke's estate.  Claimant was the owner of the prop-
erty Nos. 5921, 5923 Penn Avenue, Pittsburgh, which
has a frontage of thirty-five feet and extends back to
Kirkwood Street.  There was thereon a three-story
building, the rear part of which was frame and old, with-
out a basement.  In the early fall of 1922, Wilson and
Burke conceived the idea that by remodelling it could
be converted into a cabaret and restaurant.  This in-
volved extensive changes and alterations, including ex-
cavating, cement block construction, the insertion of
metal girders, removal of partitions so as to make a
large dance hall on the second floor surrounded by a
balcony, the installing of electric fixtures, plumbing,
decorating, etc.  The work commenced in October, 1922,
was not fully completed until the following September,
and the entire cost thereof was $28,757.28.  Meantime,
Burke died suddenly in January, 1923, as above stated.
Wilson continued owner of the entire property and there
was no writing between him and Burke with reference
to the project.  That there was at least a tentative un-
derstanding between them seems clear.  Wilson asserted
Burke was his tenant, while for his (Burke's) estate it
was contended that they were partners.  The auditing
judge found the latter and rejected the claim, on the

ground that partnership accounts can not be adjusted in the orphans' court.

To establish a tenancy, Wilson called a lady, formerly his secretary, who testified as to conversations she heard between the parties, to the effect that Burke agreed to rent the property for a term of four years and seven months, beginning October 1, 1922, at the rental of $1,000 a month, except that during the making of the repairs, which it was thought would be finished by January 1, 1923, the rent was to be only $375 a month. She also mentioned some other details of the leasing. On cross-examination as to other relevant matters her memory appeared very dim and the auditing judge discredited her testimony, but it found some corroboration in that of other witnesses, who asserted that Burke said he had leased the property. One, however, said he got this information while doing work for Burke on Negley Avenue, which was done a year before the cabaret in question was thought of. There was also evidence that Burke took possession of the premises or at least was there daily, and it is claimed, but not found as a fact, that he paid rent for one or two months. His alleged possession was consistent with either a tenancy or a partnership.

For the estate, the évidence tending to show a partnership was, inter alia, to the effect that they opened a bank account in their joint names as Wilson and Burke, to which the latter contributed $4,700; that they took out insurance as a partnership; that Burke introduced Wilson as his partner; that they jointly negotiated with an Atlantic City man to come and assist in conducting the place; that Wilson said he was an experienced restaurant keeper and would conduct that branch of the business and that they (Wilson and Burke) together discussed the question of a suitable name for the cabaret. The testimony of Burke's attorney was to the effect that they had at first employed him to prepare a partnership contract and later a lease, but that he had done

neither as there was some dispute about conditions. Wilson is a careful business man and undoubtedly intended to have their agreement, whatever it was, reduced to writing. Of course, Burke's sudden death, which also closed the mouth of Wilson, renders it difficult to show just what their understanding was. Wilson finished the alterations at his own expense, meantime tendering Burke's administrator a lease drawn according to his (Wilson's) contention, which was rejected.

The alleged oral lease, being for a term exceeding three years, would create merely a tenancy at will (Act of March 21, 1772, Purdon Digest, 13th ed., vol. 2, page 1753; Dumn v. Rothermel, 112 Pa. 272; Walter v. Transue, 17 Pa. Superior Ct. 94), but claimant contends he should recover the amount expended on the faith of the oral lease. To do so, proof thereof must be clear, satisfactory and unambiguous: Sorber v. Masters et al., 264 Pa. 582, 586; Hart v. Carroll, 85 Pa. 508; Poorman v. Kilgore, 37 Pa. 309; Walter v. Transue, supra. Claimant's misfortune is that the auditing judge and orphans' court found there was no lease, oral or otherwise, but a partnership agreement of undisclosed terms. As there is evidence to support this finding, we are concluded by it, although as triers of the facts we might have found differently. It is the duty of the auditing judge to weigh oral testimony and he is not bound to allow a claim against a decedent's estate merely because some oral evidence might seem to support it. See Davies's Est., 289 Pa. 579.

Wilson claims the entire cost of the alteration to his building, less amount advanced by Burke; whether that would be a proper measure of damages we are not called upon to decide. The auditing judge finds that the property was greatly improved by the alterations; however, that is not a controlling question here.

Complaint is made to the auditing judge's exclusion of the offer to show by Wilson the effect of the altera-

tions upon the value of his property; but as no exception was taken to such exclusion it cannot be considered. Wilson also claims for a balance of two months rent, but on the basis of a partnership that claim was properly rejected.

On October 1, 1922, Wilson gave Burke his check for $1,000 which he contends was a loan to the latter. The presumption is that it was in payment of a prior indebtedness (see Flemming's Executors v. McClain, 13 Pa. 176; City Trust & S. Bank v. Schwartz, 56 Pa. Superior St. 645), and the auditing judge finds the oral evidence insufficient to overcome that presumption. We cannot say this was error. The only oral evidence in support of the claim was that of Wilson's secretary and she leaves it somewhat uncertain whether the check was a loan or in payment of a loan. Here again the facts are left in doubt because of the death of Burke and Wilson's inability to testify.

The decree of the orphans' court is affirmed and the appeal is dismissed at the cost of appellant.