## Kirlin's Estate.

*George Sterner,* for the life-tenant and claimant, exceptant.

*Ira P. Rothermel,* of the Berks County Bar, and *Maxwell H. Kratz,* 'for residuary legatees, contra.

LAMORELLE, P. J., Feb. 4, 1929.—Of the twenty exceptions filed to the adjudication, the most important are those relating to the exceptant's claim of $1000 for money lent Alonzo A. Kirlin and to the interpretation of the will.

It was earnestly contended before the Auditing Judge that the testimony produced was sufficient to justify the allowance of this claim based on exceptant's check for $1000; and that a liberal construction would give the life-tenant a right to consume principal. Both questions were decided against claimant.

It is undoubtedly the law that neither claimant nor her husband was competent. One of our recent cases is Miller's Estate, 9 D. & C. 670, wherein we said (at page 674): "So far as the claim of Mrs. Ross is concerned, her husband is incompetent to testify. There is but one case which upholds such view, Levan *v.* Bickel, 5 Pa. C. C. Reps. 610; it is not in accord with all other authorities. In Howell's Estate, 12 Dist. R. 193, Judge Penrose says: 'The only evidence in support of the claim which has been allowed is the testimony of the wife of the claimant; and as his incompetency as a witness, under the common law, on the ground of interest, has not been removed by any statute, as against the estate of a deceased debtor, the incompetency of his wife necessarily follows. This, as the authorities show, is partly on the ground of public policy and partly because of the identity of interest of husband and wife, and is not affected by the fact that the wife's information was obtained before her marriage. See Greenleaf on Evidence, § 336, &c.; Bitner *v.* Boone, 128 Pa. 567. See, also, Maguire's Estate, 22 Dist. R. 539."

It is equally well settled that a check is not *prima facie* evidence of a debt; in fact, the presumption is that it is in payment of an indebtedness: Burke's Estate, 291 Pa. 223, and cases therein cited.

The testimony of the maid, while competent, and as such admitted by the Auditing Judge, failed to connect the acknowledgment which she at one time heard in any way with this particular claim or to any special sum or sums.

So far as the will is concerned, it interprets itself. All real and personal property was bequeathed and devised to the adopted daughter for her natural life, and on her death the "same" was directed to be sold and distributed among the brothers and sisters of testator. True, the adopted daughter was to have the use, profits and interest, but this language did not enlarge the estate nor confer a right of consumption unless she gave a bond for the protection of the remaindermen, whereupon the bond would take the place of the award. If a bond is entered, she is entitled to the profit on sale of the New Orleans Public Service bond (Printzenhoff's Estate, 10 D. & C. 335). If she elects to have the *corpus* held in trust, she is not.

The other exceptions are to matters well within the discretion of the Auditing Judge, and as the subject-matters thereof were passed upon by him and as our examination of the record discloses no reversible error, they are to be dismissed.

Accordingly, the exceptions are dismissed, save the one relating to profit on sale of the bond, and that is conditionally sustained, dependent upon proper action by the exceptant; and the adjudication possibly modified as above is confirmed absolutely.

Judge Holland, who audited the account, did not sit at the argument but concurs in opinion of the court.