# Whiting & Co. *versus* The Pittsburgh Opera House Company.

1. A parol agreement between a landlord and a tenant in possession of the premises for a lease of the same for a term of three years, commencing one year after the date of the agreement, is void under the Statute of Frauds.

2. The facts that the tenant was in possession and that he made certain improvements in consideration of said lease do not create a sufficient equity to take the case out of the operation of the statute.

October 14th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1877, No. 255.

This was an appeal by Whiting & Co. from a judgment by a justice of the peace in favor of the Pittsburgh Opera House Company, in which the jury found the following special verdict:

" We find that during March or April 1874, and while defendants were tenants at will of plaintiff, at the annual rent of $3870, payable quarterly, the plaintiff made and entered into a new verbal contract or lease for the premises in dispute, and then in their possession, for a term of three years, to commence April 1st 1875, for the same rent then being paid, and that as consideration for such verbal lease, defendants were to replace at their own expense, a large pane of glass in said premises which had been broken, and also to build an elevator therein, and which were done by defendants

as agreed upon.   We also find, that plaintiff, ignoring said verbal lease, and claiming a right to recover possession of said premises, three months before the 1st of April 1876, gave notice to defendants, signed by William Coleman, who was at the time, and also then, well known by defendants to be the president of said plaintiff's company, and that defendants also knew that said notice was intended to and did refer to the premises then occupied by them on Fifth street, as auctioneers.

"We also find that plaintiff, claiming to re-possess the said premises, instituted the proceedings in this case before Esquire Barr, a justice of the peace for Allegheny county, and recovered a judgment before him, upon which a writ of possession was issued to a constable, and under which possession of the premises in dispute was taken, defendants ejected, and their property removed from the same.

"We also find that the damage done to defendants thereby was $10,000.

"But the jury not being informed as to whether the said verbal contract is a valid contract of lease under the Statute of Frauds, and not knowing as a question of law, whether the same gave defendants a legal right to retain possession of said premises after the 1st of April 1876, and after said notice to remove, do therefore return and find the foregoing facts as their verdict, so that if the court shall be of opinion that said verbal lease was a valid and binding contract under said Statute of Frauds, their judgment shall be entered hereon in favor of defendants for $10,000 damages.   But in case the court should be of the opinion that said verbal agreement of lease was under said statute of no effect, except as a lease at will of plaintiff, then judgment shall be entered hereon for plaintiff."

The court, Stowe, P. J., entered judgment for the plaintiff, in an opinion saying:

"The questions raised by the special verdict of the jury are. whether a verbal contract of lease for a term exceeding three years from the making thereof, is valid for three years from the making. or is only good as a lease from year to year, determinable upon the will of the lessor upon the three months' notice, required by the Act of Assembly in cases of leases at will, and if not, whether the facts found by the verdict in relation to the consideration, for the making of said verbal lease, and the performance thereof, create such an equity as takes the case out of the statute, and gave the defendants a right to hold the premises in question as against the plaintiff at the time suit was instituted before the justice of the peace to recover possession.   To my mind, upon neither ground is the case with defendants, and therefore I am compelled to direct judgment to be entered for plaintiff on the facts set out in the special

[Whiting *v.* Pittsburgh Opera House Co.]

verdict of the jury, and judgment is now ordered to be so entered with costs."

This entry of judgment was assigned for error by Whiting & Co., who took this writ.

*Thomas M. Marshall, Jacob S. Slagle* and *S. C. Schoyer,* for plaintiffs in error.—The contract found by the jury may be stated in a few words. The plaintiffs, in March or April 1874, made a parol contract leasing the premises to the defendants, Whiting & Co., for the term of three years, commencing at the 1st of April 1875, possession in pursuance of this contract and valuable improvements made on the premises.

Does the limitation in the statute as expressed, " of three years from the making thereof," avoid the lease ?

It is an almost invariable rule in Pennsylvania to make contracts of lease three months in advance of the possession, and the construction contended for would, in effect, destroy the proviso of the statute. A very large proportion of the leases in this state have been held and enjoyed under parol contracts to commence *in futuro.* Nearly every contract of lease, whether parol or written, is prospective as to possession. The system of three months' notice to leave has established a usage of leasing three months in advance of the possession.

In any event, our case is taken out of the statute by possession under the lease and valuable improvements, which could not be adequately and completely recompensed otherwise than by possession under the contract.

*M. W. Acheson,* for defendant in error.—A verbal lease for three years is good only where it commences from the time it is made, and it cannot be made to commence from a future day : Brown on Statute of Frauds, sect. 33 ; Taylor on Landlord and Tenant, sect. 30 ; Rawlins *v.* Turner, 1 Ld. Raym. 736 ; 12 Modern Rep. 610 ; Snelling *v.* Lord Huntingdon, 1 Cr., M. & Ros. 20 ; Boydell *v.* Drummond, 11 East 142 ; Delano *v.* Montague, 4 Cushing 42 ; Chapman *v.* Gray, 15 Mass. 443 ; Kelly *v.* Terrell, 26 Georgia 551 ; Nones *v.* Homer, 2 Hilton (N. Y.) 116 ; Wheeler *v.* Conrad, 6 Phila. 209.

The improvements claimed to be the consideration for the alleged lease were of trifling value, and could readily be compensated in damages. The pane of glass cost $125, and the elevator about $500, according to defendants' testimony. Moreover, possession was not taken in pursuance of the alleged contract. The defendants were in possession of the premises as tenants at the time the alleged agreement was made.

To take a parol contract out of the Statute of Frauds, possession must be taken in pursuance thereof ; a previous and continuing

[Whiting v. Pittsburgh Opera House Co.]

possession will not have that effect : Christy v. Barnhart, 2 Harris 260 ; Myers v. Byerly, 9 Wright 368.

Where improvements can be compensated in damages, they will not take a case out of the statute, and this even where possession follows the parol contract : McKowen v. McDonald, 7 Wright 444 · Hart et al. v. Carroll, 4 Norris 508.

The judgment of the Supreme Court was entered, October 21st 1878,

PER CURIAM.—A careful examination of the evidence in this case does not disclose any sufficient facts to take the lease in question out of the effect of the Statute of Frauds and Perjuries. Finding no substantial error, the judgment is affirmed.