# Sophia Heartzog *v.* Louisa Borgel, Eugene Borgel and Mary Borgel, Appellants.

*Ejectment—Evidence—Parol gift of land.*

Under the statute of frauds a parol gift of land or lease for more than three years is but a tenancy at will, unless in addition to the parol gift there is shown a continued possession, and the making of valuable improvements such as cannot be adequately compensated for in damages.

Argued March 11, 1898. Appeal, No. 57, March T., 1898, by defendants, from judgment of C. P. York Co., April T., 1896, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, SMITH and PORTER, JJ. Affirmed.

Ejectment. Before BITTENGER, P. J.

It appears from the evidence that this was an action of ejectment to recover possession of a certain house and lot of ground described in the plaintiff's writ. Both the parties claimed title through Henry Heartzog, the plaintiff by will and the defendant under an alleged parol contract, the tenor of which being an alleged agreement by Henry Heartzog in his lifetime that Louisa Borgel should have the property for life. Offers were made to prove this agreement by oral testimony, which were rejected by the court below, who instructed the jury to find a verdict for the plaintiff. Defendants appealed.

*Errors assigned* among others were to the rejection of defendants' offers of evidence tending to show a parol agreement with the defendant Louisa Borgel by Henry Heartzog in his lifetime granting her a life estate in the property in question, to be followed by evidence of the possession of the property by the defendant, continuing to the present time with the knowledge of the plaintiff in this case and with the knowledge of the testator in his lifetime.

*Perry J. M. Heindel,* with him *Nevin M. Wanner,* for appellants.—The interest of the defendant was not adverse to that of

the testator and she was competent to testify to matters occurring in his lifetime. She was not called to testify against his title through which she derived hers, but rather in support of it: Van Horne v. Clark, 126 Pa. 411, cited in Young v. Senft, 153 Pa. 352; Umlauff v. Bowers, 7 Dist. Rep. 83.

The weight of the evidence was for the jury: Pratt v. Jewelry Co., 69 Pa. 53.

It has been held in the following cases that defendant has a right to hold possession against a deed made by the grantor, subsequent to the contract under which the defendant went into possession: Smith v. Tuit, 127 Pa. 341; Tuit v. Smith, 137 Pa. 35.

A parol gift of land, or a life estate therein, followed by immediate, adverse and continuous possession of the same by the vendee, especially if followed by the making of valuable improvements, or the carrying out of the stipulations to be performed by the donee, constitutes a good title to the premises: Sowers v. Weaver, 84 Pa. 262; Moore v. Small, 19 Pa. 461.

*James W. Latimer,* with him *George S. Schmidt* and *A. N. Green,* for appellee.—Possession taken in pursuance of a parol gift, and held for eight years, is not sufficient to take it out of the statute of frauds; besides such possession there must be improvements not capable of compensation in damages: Ballard v. Ward, 89 Pa. 358; Miller v. Hartle, 53 Pa. 108; McKowen v. McDonald, 43 Pa. 441; Derr v: Ackerman, 182 Pa. 591.

A parol lease for more than three years is only a tenancy at will and terminable by either party: Dunn v. Rothermel, 112 Pa. 272; Whiting v. Opera House Co., 88 Pa. 100.

OPINION BY PORTER, J., April 25, 1898:

Both of the parties to this ejectment claim a life estate in the property through Henry Heartzog, deceased,—the plaintiff under the latter's will and the defendant under an alleged parol contract. The learned court below excluded several offers of proof submitted on behalf of the defendant, and finally directed a verdict for the plaintiff. The defendant has not been injured by the rejection of the offers of proof, for had the testimony been admitted, it would not in our opinion have sustained a

verdict for the defendant. We need therefore not pass upon its competency. The defendant's title was based on an alleged parol gift or lease of the land, for life. Under the statute of frauds, a parol gift, if proven, has only the force of a tenancy at will, unless in addition to the parol gift, there is shown a continued possession, and the making of valuable improvements, such as cannot be adequately compensated for in damages. This proposition is sustained by many authorities. The defendant here offered to show neither the prolonged possession, nor the making of improvements contemplated by the rule of law.

If the agreement sought to be set up by the defendant be regarded in the light of a parol lease for life, her position is not strengthened. A parol lease for more than three years is, under the statute of frauds, but a tenancy at will, and even a ratification of it must be signified by writing: Dumn v. Rothermel, 112 Pa. 272. It was held in Whiting v. Pittsburg Opera House Co., 88 Pa. 100, that the facts that the tenant was in possession and that he made certain improvements in consideration of said lease do not create a sufficient equity to take the case out of the operation of the statute.

The case of Smith v. Tuit, 127 Pa. 341, cited by the appellants, is not in point, inasmuch as that case was " not affected by the statute of frauds, because the terms of the agreement are put in writing." The same distinction applies to Tuit v. Smith, 137 Pa. 35.

We are of opinion that no error was committed by the court below in entering the judgment for the plaintiff, and the judgment is therefore affirmed.