# Walter v. Transue.

*Landlord and tenant—Parol lease—Statute of frauds—Tenancy at will.*

A parol agreement to lease land for a term of five years does not create a term of five years, but under the statute of frauds, a tenancy at will, and the tenant at will so continues, unless by subsequent acts of the parties the term is enlarged into a tenancy from year to year.

If upon the faith of a landowner's agreement to execute a lease for five years, the tenant has expended money and performed labor which he would not otherwise have done, and of the fruits of which he is deprived by the breach of a parol contract, he is entitled to compensation for his loss; and in the absence of fraud the measure of damages is indemnity for the reasonable expenditures into which the tenant has been led by the false hope held out to him.

*Statute of frauds—Landlord and tenant—Contract—Evidence.*

An action to recover damages for the breach of a parol contract which cannot be specifically enforced because of the statute of frauds and perjuries, must be supported by evidence of the contract which is clear, satisfactory and unambiguous to enable the plaintiff to recover.

A parol contract to lease land for the term of five years is not established where it appears from the tenant's own testimony that the terms upon which he was to continue to occupy the premises after the first year were left to future negotiations between himself and the landowner.

Argued Dec. 5, 1900. Appeal, No. 9, Oct. T., 1900, by defendant, from judgment of C. P. Northampton Co., Jan. T.,

1897, No. 8, on verdict for plaintiff in case of William L. Walter v. Aaron Transue.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Reversed.

Assumpsit for a breach of contract to lease land.  Before SCHUYLER, P. J.

The court charged as follows :

This is an action brought by William S. Walter against Aaron Transue to recover damages for the alleged breach of an alleged contract of leasing.  [You will naturally first inquire, what was the contract between these parties ; was it a lease for five years as contended by the plaintiff, or was it a lease for a lesser time.

Now, there is a considerable amount of conflicting evidence bearing on this question which you will have to consider carefully, and decide that question first.

The single question is, so far as that branch of the case is concerned, was this a leasing for five years—was that the contract between the parties ?  If you find that it was not a leasing for five years, then the plaintiff cannot recover.  He does not pretend that he is entitled to recover unless he has succeeded in establishing to your satisfaction a lease for five years.]  [1] [If you find that there has been a leasing for five years, then your next inquiry will be whether there was what is known in the law and among lawyers as an eviction of the plaintiff by the defendant from the leased premises.]  [2]

An eviction has come in late years to include any wrongful act of the landlord which may result in an interference of the tenant's possession in whole or in part.  To constitute an eviction it is not sufficient for the plaintiff to show that the defendant warned him off of the premises, if he did nothing more than that.  [To make out a case of eviction the plaintiff must satisfy you that he did some act in addition to warning the plaintiff off the premises which interfered with the beneficial enjoyment of the premises by the plaintiff.

Now, the act of which the plaintiff complains is the construction of this fence, which the plaintiff alleges closed up one of the usual modes of access to the brick kiln premises.  If you find that this fence was built in the manner claimed by the

plaintiff, and that the effect of the building of the fence was to interfere with the beneficial enjoyment of the premises by the plaintiff, then that would be an eviction.] [3]

Now, upon both of these questions as to whether there was a lease of five years and as to whether there is an eviction, the burden is upon the plaintiff to satisfy you by the weight of the evidence that there was a leasing for five years, and that there was an eviction. If you are unable to say whether the leasing was for five years or not, or whether there was an eviction or not, then, in either event your verdict would have to be a verdict in favor of the defendant, for in that event the plaintiff would have failed to satisfy you by the weight of the evidence that there was such a leasing and such an eviction. [If, however, the plaintiff has satisfied you in the way that I have indicated that the leasing was for five years, and that there was an eviction, your next inquiry will be as to the measure of damages. The rule of law upon that subject is this : In determining that question you will inquire what was the fair market value of this lot of ground on April 1, 1896, with such improvements upon it as had been erected by the plaintiff; and what would have been the fair market value of this lot of ground on April 1, 1896, if the plaintiff had not put any improvements upon it. If you find that the improvements erected, which the plaintiff erected, and which remained upon the premises on April 1, 1896, enhanced the value of the property, the amount of that enhancement would be the measure of damages to which the plaintiff would be entitled at your hands.] [4]

If the property was worth $500 without the improvements and was worth $1,000 with the improvements—I am speaking now of the improvements erected by the plaintiff, not of the improvements erected by Mr. Transue—then the measure of damages would be the difference between the $500 and the $1,000. Or, if you find that the premises were enhanced in value by the improvements remaining there on April 1, 1896 which the plaintiff put upon them, enhanced the value of the property $100, then your verdict would be for $100, if there were nothing further in the case in either of the instances which I have mentioned.

If, therefore, you reach the question of damages and determine the amount of damages to which you think the plaintiff

entitled, then there are certain counterclaims set up by the de-
fendant which would have to be considered by the jury, and for
which an allowance should be made,—such an allowance as you
think the evidence would justify.   Now, some portion of this
counterclaim is undisputed.   There are quite a number of items
I believe that the plaintiff admits are proper subjects to be set
off against his claim for damages.   If you reach the question
of damages, then you must set off whatever you find is a proper
subject for set-off as against these damages.   I do not propose
to go into the question of damages or of counterclaim, because
the counsel on both sides will send out statements with you that
will direct your attention to the several items which are in dis-
pute so far as this branch of the case is concerned.

Verdict and judgment for plaintiff for $508.61.   Defendant
appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*W. S. Kirkpatrick*, for appellant.—A parol lease of land for
a term of more than three years is under the statute of frauds
but a lease at will: Dumn v. Rothermel, 112 Pa. 272; Stover
v. Cadwallader, 2 Penny. 124; McDowell v. Simpson, 3 Watts,
129.

The proper measure of damages for an eviction of a tenant
by his lessor from the leased premises, would be the difference
between the value of the unexpired term and the rent to be
paid: Taylor on Landlord and Tenant (7th ed.), sec. 317;
Mack v. Patchin, 42 N. Y. 167; Rineer v. Collins, 156 Pa.
342; Harris v. Harris, 70 Pa. 170; Dumars v. Miller, 34 Pa.
319; Sausser v. Steinmetz, 88 Pa. 324.

The rule or measure of damages for the breach of a contract
to lease is the same as for a breach of a contract to sell: Mc-
Clowry v. Croghan's Admr., 1 Grant, 307.

*Russell C. Stewart* and *A. B. Howell*, for appellee.—A case
on all fours with our case as to the law and the facts is Maule
v. Ashmead, 20 Pa. 482.

The rule laid down by the court below as to the measure of
damages was correct: Lanigan v. Kille, 97 Pa. 120 ; Meason v.
Kaine, 67 Pa. 126; Bitner v. Brough, 11 Pa. 127; Hoy v
Gronoble, 34 Pa. 9.

OPINION BY W. D. PORTER, J., May 23, 1901:

The plaintiff in his statement alleged as his cause of action the breach of a parol agreement to lease a lot of ground to be used as a brick yard, for a period of five years ; the rent for the first year to be $50.00, and thereafter a royalty of twenty-five cents per thousand for marketable bricks manufactured.   He further averred that he went into possession and made improvements, and that he was wrongfully evicted therefrom on the first day of April, 1896.   In charging the jury upon the question of the plaintiff's right to damages the learned judge concluded in the following language, viz : " If the plaintiff has satisfied you in the way that I have indicated, that the leasing was for five years, and that there was an eviction, then the next inquiry will be as to the measure of damages.   The rule of law upon that subject is this : In determining that question you will inquire what was the fair market value of this lot of ground on the first day of April, 1896, with such improvements upon it as had been erected by the plaintiff, and what would have been the fair market value of this lot of ground on the first day of April, 1896, if the plaintiff had not put any improvements upon it; if you find that the improvements erected, which the plaintiff erected and which remained on the premises on the first day of April, 1896, enhanced the value of the property, the amount of that enhancement would be the measure of damages to which the plaintiff would be entitled at your hands."   The correctness of this instruction involves all the specifications of error, which it is unnecessary to notice in detail.

The parol agreement to lease was alleged to have been made in May, 1894, but there was no pretense that any writing had been signed by the party sought to be charged.   The p'aintiff entered, made improvements, and remained in possession for almost two years, but no fact was alleged or proved which tended to establish that he could not be compensated in damages for a breach of the parol agreement.   Every parol contract for the sale of land, or leasing the same for a term exceeding three years from the making thereof, is within the operation of the statute of frauds, unless there has been such part performance as cannot be compensated in damages.   Assuming for the present that the evidence was sufficient to warrant the finding that there had been a parol agreement to lease for a term of

five years and that the plaintiff entered thereunder, he thus became a tenant at will under the statute and so continued, unless by subsequent acts of the parties the term was enlarged into a tenancy from year to year. The plaintiff never became entitled to a term of five years, and the learned court below fell into error in permitting the jury to pass upon that question: McKowen v. McDonald, 43 Pa. 441; Postlethwait v. Frease, 31 Pa. 472; Dumn v. Rothermel, 112 Pa. 262; Whiting v. Pittsburg Opera House Co., 88 Pa. 100. While the plaintiff was not entitled to a five years' term, nor to damages for the loss thereof, he was not, however, without remedy. If upon the faith of the defendant's agreement to execute a lease for five years, the plaintiff had expended money and performed labor which he would not otherwise have done, and of the fruits of which he was deprived by the breach of the parol contract, he is entitled to compensation for his loss. He cannot recover for the loss of his bargain, but he is entitled to be placed in a condition as favorable as that he would have occupied if the bargain had not been made. In such a case to compensate the plaintiff for all the fruits which he would have gathered if the contract had been executed, would be to annul the statute. When there has been no fraud on the part of the vendor, or the lessor, in the original contract, the measure of damages for the breach thereof is indemnity for the reasonable expenditures into which the other party has been led by the false hope held out to him. Either party has the right to refuse to execute a parol contract which is within the operation of the statute, and the exercise of that right, by refusing to convey, is no more a fraud than the breach of any other contract to perform an act. Lessor and lessee both knew that such a contract could not be enforced; and the refusal to perform was not evidence of fraud in the original contract. It was error to submit to the jury the question of the existence of a lease, and to give them a measure of damages founded upon a supposed interest of the plaintiff in the land. He who has entered upon lands under a parol contract, void under the statute, may by his operations develop a mine or discover oil, and so add immensely to the value of the property, but the increased value of the land is not the measure of damages for a breach of the parol agreement; the rule is still compensation for the expenditures, less a reasonable allowance

for the benefits received.   Since Jack v. McKee, 9 Pa. 235, and kindred cases were overruled by Hertzog v. Hertzog, 34 Pa. 418, there has been no serious departure from this rule : Dumars v. Miller, 34 Pa. 319; Harris v. Harris, 70 Pa. 170;. Sausser v. Steinmetz, 88 Pa. 324; Rineer v. Collins, 156 Pa. 342.   Bowser v. Cessna, 62 Pa. 148, was the case of a public sale and was not by the later cases recognized as a departure from the rule, although Mr. Justice SHARSWOOD, who wrote the opinion in that case, dissented in Harris v. Harris.   In Maule v. Ashmead, 20 Pa. 482, the measure of damages was not passed upon, but in McClowry v. Croghan, 31 Pa. 22, the rule as here given was recognized.   The only improvements upon the ground at the time the plaintiff was evicted were a brick kiln and the grading of the ground to make the brick yard level.   It was contended by the plaintiff that the brick kiln was a trade fixture which he was entitled to remove at any time within his term, and that he was deprived of this right because of the refusal to allow him sufficient time within which to remove the material.   The value of this right was equal to the value of the materials when removed, less the cost of removal.   If the plaintiff made these improvements upon the faith of a parol agreement that he should have a term of five years, and the expenditure was reasonable in view of the purposes for which the parties intended the premises to be used, they were proper for consideration in determining the amount of damages.   If these improvements cost $1,200, and the right to remove the brick kiln was worth $200, the plaintiff must have contemplated a depreciation in the value of the improvements during the term in the amount of $1,000, to be compensated for which he relied upon the enjoyment of the term.   The entire term would have been for five years, but the plaintiff actually enjoyed the fruits of this expenditure for two fifths of the time during which he would have been permitted to use the improvements if the parol contract had been fully executed.   In determining the part of this expenditure which the plaintiff would be entitled to recover, there ought to have been an allowance for the fruits of the expenditure which he had already enjoyed.

A careful review of the evidence has convinced us that it was insufficient to establish a parol contract to lease the land for five years.   The plaintiff averred in his statement a verbal

arrangement under which the rent was to be $50.00 for the first year and thereafter a royalty of twenty-five cents per thousand for marketable bricks manufactured. The only testimony offered in support of this averment, as to the terms of the contract, was that of the plaintiff himself. His testimony was that the rent was to be $50.00 for the first year, as averred in his statement, but as to the subsequent years there is between his allegation and his testimony a fatal variance. The plaintiff testified at the trial, page 5, appendix of appellant's paper-book, as follows: " Q. What was said about the rent for the years after the first year? A. Well, after that I was to pay either the royalty of fifty bricks on each and every thousand salable brick that I made, or twenty-five cents per thousand in money. Q. And it was to be in your option either to pay in money or in brick after the first year? A. Well, not altogether my own option, as we might agree to settle it between us." On page 31, we find this testimony: " Q. In your direct examination you have testified in response to Mr. Stewart that on the question of royalty it was to be money or bricks as settled between you; as you would settle when, between you? A. At the time it was due, I suppose. Q. But that it was spoken of before you entered upon the premises June 4, 1894, that it was to be twenty-five cents per thousand or fifty bricks per thousand? A. Before I entered upon the premises, why sure, yes." This was substantially all the evidence as to the terms of the alleged agreement to lease for five years. It thus appears that the parties had never come to a final agreement, as to the royalty after the first year, at the time the plaintiff went into possession and made the expenditures for which he now seeks to be reimbursed. The terms upon which the plaintiff was to continue to occupy the premises after the first year were left to future negotiations. The minds of the parties never did come together and agree upon the rate of royalty averred in the statement. An action to recover damages for the breach of a parol contract, which cannot be specifically enforced because of the statute of frauds and perjuries, must be supported by evidence of the contract which is clear, satisfactory and unambiguous, to enable the plaintiff to recover. The evidence in this case did not come up to this standard. It was insufficient to establish a definite parol contract to lease for a term of five years, upon

102　　WALTER v. TRANSUE.

Opinion of the Court—Dissenting Opinion. [17 Pa. Superior Ct.

precise terms. The plaintiff failed to prove his alleged contract and was not entitled to any damages for a violation thereof: Poorman v. Kilgore, 37 Pa. 309; Hart v. Carroll, 85 Pa. 508.

The plaintiff, upon his own showing, entered as a tenant at will. Unless this tenancy was enlarged into a lease from year to year by the subsequent acts of the parties, it was in the power of the defendant, upon proper notice, to dispossess the plaintiff at any time. In that case the plaintiff would have been bound to remove his trade fixtures within his term; that is, before the expiration of the period allowed him by law for removal after notice. In this case, however, there was ample evidence, including the written notice by the defendant to quit, to establish a tenancy from year to year. The defendant testified that he never agreed to lease for five years, and that the first term, under the parol agreement, expired April 1, 1895, and that it was renewed for one year, or until April 1, 1896, when the defendant took possession. If this was true, the plaintiff had no right to recover. If the entry was as testified to by the plaintiff, and the tenancy at will had become enlarged into a tenancy from year to year, then the term did not expire until May, 1896. If such was the fact the plaintiff was entitled to damages for the loss of that period of his term between April 1, 1896, and the day in May of that year which corresponded with the day of that month in 1894, when the parol agreement was made. If by reason of being evicted before the end of the year he was deprived of his right to remove the fixtures, then he would be entitled to damages for the deprivation of that right: Dumn v. Rothermel, supra.

The appellant at the trial offered considerable testimony in support of various items of counterclaim. The abstract of the proceedings printed in his paper-book does not show that the plea of payment, or any other plea, had been filed. This omission will no doubt be rectified before entering upon another trial.

The judgment is reversed and a venire facias de novo awarded.

RICE, P. J., dissenting:

If, as is practically conceded, the tenancy at will had been enlarged to a tenancy from year to year, and if, as the jury might well have found, the year did not expire until May, 1896,

and the plaintiff was evicted in the mean time, it seems to me that the measure of damages for the deprivation of his right to remove the brick kiln within the year, is not the mere value when removed of the materials of which it was composed, less the cost of removal. For, it is to be borne in mind that this was not an eviction by virtue of a paramount title, but a tortious eviction by the landlord in disaffirmance of his own lease; and it would be no hardship upon him if he were compelled to pay for the enhancement of the value of his premises resulting from his tortious act. Damages assessed upon that basis would not be punitive. If he tortiously elected to treat the brick kiln as a permanent improvemant to his land, why should he not pay for it? At all events, would he not be liable for the value of the brick kiln in place at the date of the eviction? To hold that he is only liable for the value of the materials of which it is composed, less the cost of removal, is, it seems to me, to permit him to profit by his own wrong, and for this reason I am unable to concur with the majority upon the measure of damages.

W. W. PORTER, J., concurred in the foregoing conclusion.