419 A.2d 588

**Moe Henry HANKIN, Sabina Hankin, Gertrude Hankin, Perch P. Hankin, Benjamin R. Shanken and Pauline Shanken**

**v.**

**Ronald S. MINTZ, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed April 11, 1980.

Bruce L. Goldenberg, Norristown, for appellant.

Hugh O'Neill, Norristown, for appellees.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County granting appellees' motion for summary judgment.

Appellees instituted an action in ejectment on November 18, 1977 to recover possession of the portion of their premises occupied by appellant.

Appellant answered and asserted that he was legally entitled to occupy the premises by virtue of an oral agreement with the co–owners (six of whom are named appellees).

After appellant's deposition was taken, the appellees moved for summary judgment. The court, in granting the motion, held that the agreement between the parties constituted an oral lease in excess of three years, thus by virtue of the Statute of Frauds, such lease had the effect of a tenancy at will, in which case the owner(s) could terminate the lease at any time.

This appeal followed.

Appellant initially asserts that summary judgment should not have been granted since the pleadings and deposition raised issues of material fact.

We agree.

■ Summary disposition of a case is permitted only in the "clearest of cases". *Kotwasinski v. Rasner*, 436 Pa. 32, 258 A.2d 865 (1969). We aptly summarized the function of the lower court in these cases in *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (1971):

". . . we are to accept as true all well pleaded facts in the nonmoving parties' pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom; the record must be examined in the light most favorable to them; and in passing upon a motion for summary judgment, it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment."

Id., 219 Pa.Super. at 203, 280 A.2d at 573.

■ The lower court's determination was premised on the finding that the basis of appellant's defense was his assertion that an oral *lease* existed between appellees and him.

Our review of the pleadings reveals no such basis relied upon by appellant.

Indeed, we find a real factual issue raised as to precisely what interest was created (if any) by the original oral agreement with appellant.

Certainly, under what auspices appellant occupies that portion of appellees' premises in question, is crucial in determining whether appellees have a legal right to eject the appellant.

Appellees, in their complaint, alleged only that appellant had unlawfully taken possession of the premises on March 1, 1975.

Appellant answered, denying that he was unlawfully in possession and asserted that his possession was with the full knowledge and consent of the appellees. On new matter, he asserted that the original agreement allowed him to use the premises as an office as long as he wished (except if the premises were surrendered through sale or lease), the consideration for such agreement being various improvements he made to the property and his performance of various legal services on behalf of the appellees. Appellant also asserted that the agreement created in him a determinable life estate, or in the alternative, a lease in perpetuity.

Appellees basically denied all these new contentions and asserted that such allegations and evidence were in violation of the Parol Evidence Rule and the Statute of Frauds.

Clearly, the above pleadings raised issues as to, *inter alia*, whether there was any agreement between the parties, what interest in the premises was created by the agreement between the parties (assuming there was an agreement) whether the original agreement was binding on the co-owners, what was the nature of the improvements and legal services performed by appellant and whether the appellees by their conduct consented to the original agreement, thus precluding them from denying its existence.

Even a cursory perusal of the pleadings and the deposition will show that such factual issues could not be resolved without trial. Thus we believe the entry of judgment in favor of the appellees was error and we must reverse.

Appellant also asserts that this action in ejectment is barred by the doctrine of Laches.

■ "Laches" is an equitable doctrine essentially stating that where a complaining party in equity is guilty of failing to exercise due diligence in prosecuting a claim to the other party's detriment, that complaining party will be precluded from proceeding with his claim. *Siegal v. Engstrom*, 427 Pa. 381, 235 A.2d 365 (1967).

■ Appellant asserts that appellees stood by for three years (without bringing suit), fully aware of all the improvements he was making to the premises. Thus, they should be precluded from pursuing this action.

We, however, are unable to reach the merits of this issue, since we are unsure of exactly what position appellant and appellees stood as to each other. Their respective statuses must be known if we (or any court) are to determine whether appellees' inaction constituted Laches.

Order of lower court granting summary judgment in appellees' favor is reversed.

CAVANAUGH, J., files a concurring opinion in which SPAETH, J., joins.

CAVANAUGH, Judge, concurring:

I join in the majority opinion and add the following. Whether the agreement, if any, under which appellant claims his right to possess the premises is an oral lease or some other interest in land, the statute of fraud applies. 33 P.S. § 1; 68 P.S § 250.202. However, in certain circumstances the statute of frauds will not bar enforcement of a oral agreement creating an interest in land. *Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co.*, 407 Pa. 230, 233, 180 A.2d 1, 3 (1962) (lease and substantial improvements); *Whiting and Co. v. Pittsburgh Opera House Co.*, 88 Pa. 100, 103 (1878) (lease); *Bratsch v. McCarthy*, 141 Pa.Super. 490, 494, 15 A.2d 404, 406 (1940) (estate pur autre vie and possession pursuant to alleged contract, exclusive possession, and performance which could not be compensated by damages and

such as would make rescission inequitable and unjust); *Walter v. Transue,* 17 Pa.Super. 94, 98 (1901) (lease and part performance which could not be compensated by damages).

Since the present record contains genuine issues as to whether the appellant made substantial improvements, whether his performance of the agreement can be adequately compensated by damages, or whether the application of the statute of frauds would be inequitable and unjust, summary judgment is improper.

SPAETH, J., joins in this concurring opinion.