## DiGrazio v. City of Philadelphia

*D.H. Masciantonio,* for plaintiff.
*David L. Topel,* for defendant.

FORER, *J.*, July 7, 1981—Plaintiffs bring this action under the Civil Rights Act of December 29, 1979, 93 Stat. 1284, as amended, 42 U.S.C.A. §1983, against the City of Philadelphia and three police officers alleging that the officers in the course of their employment forcibly entered plaintiffs' residence without probable cause and conducted an unlawful search and unlawfully restrained plaintiffs for an unreasonable time.

Defendant City filed preliminary objections relying on Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) and invoked its immunity under the Pennsylvania Political Subdivision Tort Claims Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq. The court overruled the preliminary objections on the authority of Owen v. City of Independence, Missouri, 445 U.S. 622 (1980), which was not cited by any of the parties.

A petition for reconsideration was allowed and a stay granted.

At this stage the court must assume the truth of the well pleaded allegations: Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A. 2d 585 (1973). Thus, the issue before this court is whether a city has immunity for the actions of its employes in the course of their employment that unconstitutionally infringe upon the rights of plaintiffs. The able decision of the Honorable Emil E. Narick of the Court of Common Pleas of Allegheny County in Wade v. City of Pittsburgh, Civil Division no. GD 80-07628, decided September 2, 1980, upholding the constitutionality of the Political Subdivision Tort Claims Act is not pertinent to the liability of the city under Federal law. Conceding arguendo the constitutionality of the Pennsylvania statute, this court is bound by the decisions of the United

States Supreme Court delineating the scope of the Federal Civil Rights Act. The city in its brief seeks to avoid the Owens decision by asserting that the city does not claim good faith immunity. This is true. The city correctly states that "the Municipal Tort Claims Act can only shield a municipality from causes of action which are derived under the common law and are enforceable only under state law." Accordingly, the Pennsylvania Political Subdivision Tort Claims Act is irrelevant to the issues before this cóurt.

Plaintiffs in this action base their claim on the Federal Civil Rights Act, not the common law. The court reads Counts II, III, IV, and V as also arising under the Civil Rights Act but specifying aspects of constitutional rights that were invaded. This court must, therefore, look to Federal law. In Monell, supra, plaintiffs, a class of female employes, sued the New York City Department of Social Services because as a matter of policy pregnant employes were compelled to take unpaid leaves of absence before such leaves were required for medical reasons. Plaintiffs sought injunctive relief and back pay. The United States Supreme Court specifically overruled Monroe v. Pape, 365 U.S. 167 (1961) and held that local governments are not wholly immune from suit under section 1983. The court pointed out that a local government may not be sued under section 1983 for an injury inflicted solely by its employes or agents, that it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under section 1983. Whether this statement is merely dictum, since the court granted recovery to plaintiffs, or whether it repre-

sents a limitation on the liability of municipalities is not now before this court.

In the case at bar, the question whether the actions of the three police officers represent official policy is an issue of fact that cannot be determined on the basis of pleadings. It is only when there is no issue of fact that a court is justified in entering summary judgment or sustaining preliminary objections that result in the dismissal of an action. See Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969), Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971), Hankin v. Mintz, 276 Pa. Superior Ct. 538, 419 A. 2d 588 (1980), Schaffer v. Batyko, 227 Pa. Superior Ct. 62, 362 A. 2d 62 (1974), Alumbaugh v. Wallace Business Forms, Inc., 226 Pa. Superior Ct. 511, 313 A. 2d 281 (1973). If it be determined that the conduct of the individual defendants was in violation of city policy, the ramifications of Owens v. City of Independence, Missouri, supra, will have to be explored.

The court in Monell pointed out that "the question whether local government bodies should be afforded some form of official immunity was not presented as a question to be decided on this petition . . ." The city cannot rely on Monell as establishing an absolute bar to suits under section 1983 based on the allegedly unconstitutional acts of its employes.

Owens v. City of Independence, Missouri, a later case, involved a suit by the Chief of Police against the city, the city manager and members of city council. Plaintiff alleged that he was discharged without notice of reasons and without a hearing in violation of his constitutional rights. Mr. Justice Brennan, writing for the majority, pointed out that the language of section 1983 is "absolute and un-

qualified; no mention is made of privileges, immunities or defenses that may be asserted." The court traced to firmly rooted common law immunities those specific instances in which immunity to suit under section 1983 has been allowed. Municipal corporations under common law have traditionally been responsible for private losses. Municipal corporations have generally been held liable for torts committed by their agents and employes. In Owens, the court held unequivocally that "Congress . . . abolished whatever vestige of the States' sovereign immunity the municipality possessed."

The issue of good faith immunity is viable only as to the individual defendants who may at trial assert this defense. The city, under Owens v. City of Independence, Missouri, supra, may not do so.

The city's preliminary objections are overruled. Preliminary objection V of the individual defendants is sustained. Plaintiffs are given 20 days within which to file a more specific complaint.