## Jury v. Loughner

*Andrew P. Gates,* for defendant.
*Timothy E. Durant,* for plaintiff.

REILLY, *P.J.,* March 19, 1985—Plaintiffs are the owners of a certain 103.94-acre tract in Girard Township, Clearfield County, Pa., which they acquired in 1980. They have alleged that defendants are occupying, without right or claim of title, a portion of the above-mentioned tract. Defendant's answer that they are occupying the premises in question, which consists of less than one-quarter of an acre on which they have constructed improvements which serve as a hunting camp and summer home, as a leasehold under a written lease between Willard T. Jury, former owner of the tract, and themselves, said lease having been made June 1, 1967, for a period of 25 years. This matter is currently before the court on defendants' motion for summary judgment.

A concise statement of the requirements for entering summary judgment is found in Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County and Municipal Employes, AFL-CIO, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981):

"Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Pa.R.C.P. 1035. And see Davis v. Pennzoil Co., 438 Pa. 194, 264 A.2d 597 (1970); Bollinger v. Palmerton Area Com. Endeavor, Inc., 241 Pa. Super. 341, 361 A.2d 676 (1976). Furthermore, summary judgment is only proper in cases which are clear and free from doubt as to the existence of a disputed factual question. See Mallesky v. Stevens, 427 Pa. 352, 235 A.2d 154 (1967); Toth v. Philadelphia, 213 Pa. Super. 282, 247 A.2d 629 (1968). In ruling on a motion for summary judgment the court must accept as true all well-pleaded facts in the nonmoving party's pleadings, as well as admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom. See Hankin v. Mintz, 276 Pa. Super. 538, 419 A.2d 588 (1980); Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Super. 198, 280 A.2d 570 (1971). The record as a whole should be examined in the light most favorable to the party opposing the motion and all doubts as to the existence of a genuine issue about a material fact must be resolved in that party's favor, that is, against the entry of summary judgment. See Bowman v. Sears, Roebuck & Co., 245 Pa. Super. 530, 369 A.2d 754 (1976); Husak v. Berkel, Inc., 234 Pa. Super. 58, 239 A.2d 841 (1968). And see

Hankin v. Mintz, supra; Ritmanich v. Jonnel Enterprises, Inc., supra. In disposing of such a motion the court's function is not to decide issues of fact, but solely to determine whether there are material issues of fact to be decided. See Hankin v. Mintz, supra; Ritmanich v. Jonnel Enterprises, Inc., supra."

The pleadings, depositions and affidavits present in this case provide a clear picture of the situation at hand. Defendants have presented a copy of a lease for the premises in question. This lease is complete in all details of the leasehold thereby created. A very specific description of the premises leased is provided. A 25 year-term is set, beginning on June 1, 1967 and running through June 1, 1972. The rental rate is established and it is specifically covenanted that the premises are to be used and occupied as a "hunting camp and summer home." The only problem with the lease presented is that it has not been signed by the lessor. It is alleged that two copies of the lease were prepared by a notary public in the presence of Willard T. Jury (lessor) and defendants (lessees). Both parties signed their original copy of the lease, however, each retained the copy signed by themselves only. The deposition of Willard T. Jury, brother of plaintiff Emerson K. Jury, fully corroborates that this occurred just as alleged. Willard Jury stated with certainty that he intended to grant the lease as described in the writing and that he signed his copy of the lease and retained that copy. He is, however, unable to find his copy of the lease, which he believes may have been destroyed in a fire at his home in 1981. Plaintiffs are unable to contradict any of this information, but rely on the Statute of Frauds to support their cause of action.

Plaintiffs point to the case of Nanty-Glo Boro v. American Surety Co., 309 a. 236, 163 Atl. 523

(1932), and its progeny as preventing the entry of summary judgment in this case. See Bremmer v. Protected Home Mut. Life Ins. Co., 436 Pa. 494, 260 A.2d 785 (1970); Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Super. 198, 280 A.2d 570 (1971), 2 Goodrich Amram 2d, §1035(b):4. The rule presented there is that, however clear and undisputed may be the proof relied on, when proof of an issue depends on oral testimony, it is nevertheless the province of the trier of fact to decide. The fact that Willard T. Jury signed the written lease offered here is established by oral testimony in the form of affidavits and depositions. But for the Nanty-Glo Rule, this court would grant summary judgment based on the pleadings, depositions and affidavits presented in this case. We are, however, constrained to follow this rule even though this court has serious doubts as to its practicality in this particular case.

It is the opinion of this court, however, that summary judgment may be granted in defendants' favor without reliance on oral testimony. The various writings offered here are sufficient to adequately memorialize the contract in writing as required by 68 P.S. §250.202 which was derived from the Statute of Frauds, Act of March 21, 1772, 1 Sm.L. 389, §1, 33 P.S. §1.

The Statute of Frauds is a declaration of public policy requiring that contracts for the conveyance of an interest in real estate be supported by written evidence signed by the party to be charged. Burns v. Baumgardner, 303 Pa. Super. 85, 449 A.2d 590 (1982). It is not a mere rule of evidence. It is a declaration of public policy. Holland Furnace Co. v. Keystone Dehydrating Co., 151 Pa. Super. 495, 499, 30 A.2d 872, 874 (1943). Its purpose is to prevent fraudulent claims of interests in land resting on al-

leged oral agreements and to decrease opportunities for fraud or perjury. Manley v. Manley, 238 Pa. Super. 296, 307, 357 A.2d 641, 646 (1976); 16 P.L.E., Statute of Frauds, §21 (1959). The rule governing the sufficiency of separate writings to constitute a memorandum is set forth in the Restatement of Contracts, §208:

"The memorandum may consist of several writings,

(a) if each writing is signed by the party to be charged and the writings indicate that they relate to the same transaction, or

(b) though one writing only is signed if

(i) The signed writing is physically annexed to the other writing by the party to be charged, or

(ii) the signed writing refers to the unsigned writing, or

(iii) it appears from examination of all the writings that the signed writing was signed with reference to the unsigned writings."

and in Restatement (Second) of Contracts, §132:

"The memorandum may consist of several writings if one of the writings is signed and the writings in the circumstances clearly indicate that they relate to the same transaction."

Defendants' copy of the lease clearly states all of the essential terms and conditions of the contract. Defendants have also submitted receipts and cancelled checks for the yearly rental payments, as well as their tax receipts. The rent receipts variously state that the rent was received from defendants "For Camp," "For Lease on Camp," "Rent or Lease for Camp" and "Camp Rent." The receipts are signed by Willard Jury or his father, Norman Jury, who often received the payments for his son. It is the opinion of this court that the circumstances clearly indicate that the rent receipts signed by the

lessor, Willard T. Jury, relate to the lease submitted in this case and evidence an intention on his part to be bound by the terms of that lease. Together, these several written memoranda constitute an adequate written memorandum of the contract and satisfy the writing requirement.

When Willard T. Jury granted the lease to defendants, he of course still possessed a reversionary interest in this small parcel of land, which was transferred along with ownership of the tract. The subsequent owners of the tract, including plaintiffs, took subject to the lease. Moreover, the rights and liabilities which existed between Willard Jury and defendants are the same as now exist between plaintiffs and defendants. See 49 Am.Jur. 2d, Landlord and Tenant, §95; P.L.E., Landlord and Tenant, §41. Such is specifically provided for in 68 P.S. §250.104 which states:

"Any person who acquires title to real property by descent or purchase shall be liable to the same duties and shall have the same rights, powers and remedies in relation to the property as the person from whom title was acquired." April 6, 1951, P.L. 69, art. I, §104.

It is also noted that this court finds 68 P.S. §250.203 to be clearly inapplicable to the case at hand, as the reversionary interest and lease obligations were simply conveyed by operation of law along with the successive sales of ownership of the tract and, thus, did not constitute an assignment, grant or surrender of the lease within the meaning of that section.

Bearing in mind the purpose of the summary judgment procedure, which is to avoid the time, effort and expense of a useless trial, this court will grant summary judgment in favor of defendants.

Wherefore, the court enters the following

## ORDER

Now, this March 19, 1985, upon consideration of defendants' motion for summary judgment, the record and briefs as presented by both parties, it is the order of this court that summary judgment on behalf of defendants be and is hereby granted.