516 A.2d 71

**Frank M. SNYDER, Jr. and Christine Snyder**

**v.**

**QUEEN CUTLERY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 14, 1986.

Filed Oct. 6, 1986.

458

Frank L. Kroto, Jr., Erie, for appellant.

Bruce W. Bernard, Erie, for appellees.

Before WATKINS, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from an order of the trial court compelling appellant, Queen Cutlery, to permit appellees, Frank and Christine Snyder, entry into appellant's premises for the express and limited purpose of inspecting, testing, photographing and measuring or video-taping appellant's blade polishing machine. Appellant contends that (1) the lower court erred in ordering the inspection of appellant's premises and (2) appellee's claim is barred by the doctrine of laches. Appellant's arguments are without merit and we, therefore, affirm the order of the lower court.

In 1974 one of the appellees, Frank Snyder, suffered injuries to both his hands through the use of a blade polishing machine while in the employ of appellant. Appellees' counsel advised them that their sole remedy was to proceed against his employer through the Workman's Compensation Act, 77 P.S. §§ 1–1601. Appellees did so and recovered. Eleven years later, appellees were advised that at the time of the injuries they also had a possible product's liability action against the manufacturer of the blade polishing machine. Appellees retained present counsel for the purpose of pursuing a legal malpractice claim against their former attorney for failure to investigate and inform appellees of possible product's liability and loss of consortium claims. After filing such a claim against their former attorney, appellees filed the instant complaint in equity pursuant to Pa.R.Civ.P. 4009(c) seeking an order forbidding

appellant from removing, destroying or altering the blade polishing machine in question and permitting appellees access to appellant's plant to inspect the machinery and conduct other discovery relevant to the underlying legal malpractice claim.[1]

The lower court entered the following order:

> Plaintiffs will be given permission to enter Queen's plant at 507 Chestnut Street, Titusville, Pennsylvania, for a period not to exceed three hours to inspect, test, photograph, measure or videotape Defendant Queen's blade polishing machine which was used by the Plaintiff, Frank Snyder, when injured. If said exact machine cannot be precisely identified, then said inspection may be made of a substantially similar machine. Plaintiffs' attorney, an expert, Plaintiff Frank Snyder and a photographer will be allowed to be present during said inspection. Entry into said plant shall be at a reasonable time of day.

> This Order is entered without prejudice to the right of the Plaintiffs to petition for additional limited discovery after entry into said plant and inspection, if conditions so warrant.

Order of December 23, 1985. Appellant filed exceptions which were denied. This appeal followed.[2]

Appellant first contends that the lower court erred in ordering the inspection of its premises because it is not a party to the underlying claim, the machine for which the

---

1. Pa.R.Civ.P. 4009(c) states in relevant part:

 (a) Any party may serve on any other party a request (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspecting and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rules 4003.1 ... 4003.5 inclusive.

 (c) This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.

2. On March 14, 1986, the Superior Court entered an order directing appellant to file a Praecipe to enter the order of January 10, 1986, which denied appellant post-trial relief, as a final decree. The order further denied the appellees' motion to quash pursuant to Pa.R.A.P. 905(a).

inspection is sought is no longer in existence, any action against it is barred by the statute of limitations, and the inspection will be unduly burdensome. We disagree.

 The standard of review in the consideration of an appeal from a final decree in an equity action is well established. A chancellor's findings of fact, approved by a court *en banc*, are entitled to the weight of a jury verdict and will not be disturbed on appeal if supported by adequate evidence. *See McDole v. Duquesne Co.*, 281 Pa.Superior Ct. 78, 83, 421 A.2d 1155, 1158 (1980). This principle is equally applicable in situations, as here, in which a single judge, as opposed to a court *en banc*, reviews the case and reaches a decision. *See Silo Realty v. Redevelopment Authority*, 289 Pa.Superior Ct. 67, 70, 432 A.2d 1053, 1055 (1981). Such findings are controlling and the court's decree should not be reversed on appeal unless it appears either that the court abused its discretion, its findings lacked evidentiary support, or that the court capriciously disbelieved the evidence. *See Davis v. Buckham*, 280 Pa.Superior Ct. 106, 110, 421 A.2d 427, 429 (1980).

 Appellant argues that the lower court erred in ordering the inspection because it is not a party to the underlying action. This argument is without merit. Pa.R.Civ.P. § 4009(c) specifically provides for an independent action in equity against a non-party for the purpose of discovery. Here, appellees' action against appellant was filed for that purpose. Thus, it is irrelevant that appellant is not a party to appellees' underlying cause of action.

 Appellant next argues that the lower court erred in ordering an inspection of its property because the machine in question no longer exists. We disagree. Here, the lower court order allows for discovery of a substantially similar machine with the aid of appellees' expert. The purpose of the discovery is to determine evidence in pursuit of the underlying malpractice action. If the machine in question, or a substantially similar one, does not exist, that in itself

will aid appellees in determining the feasibility of pursuing their legal malpractice claim.

■ Appellant also argues that the lower court erred in ordering the inspection because the statute of limitations has run against the manufacturer of the blade polishing machine. Such an argument is not relevant to this claim in equity. Appellees have filed no action against the manufacturer. Rather, their claim is against their former attorney for malpractice. They seek discovery not to file a claim against the manufacturer, but to determine whether their former attorney committed malpractice in failing to investigate and advise them of such a claim.

■ Appellant also argues that the inspection will be unduly burdensome. We disagree. The lower court fashioned a fair and equitable order, limiting the inspection to three hours and specifically stating the item(s) to be inspected. We recognize that the lower court is in a better position to weigh the equities of the situation, and we will not disturb its findings on appeal.

■ Appellant last argues that appellees' action is barred by the doctrine of laches. We disagree. Laches is an equitable doctrine which provides that when a complaining party in equity is guilty of failing to exercise due diligence in prosecuting a claim to the other party's detriment, the complaining party will be precluded from proceeding with his or her claim. *See Siegal v. Engstrom*, 427 Pa. 381, 385, 235 A.2d 365, 367 (1969); *Hankin v. Mintz*, 276 Pa.Superior Ct. 538, 542, 419 A.2d 588, 590 (1980).

■ Here, appellant has shown no detriment or prejudice to its rights sufficient to preclude the discovery request. Accordingly, appellees' action for inspection of appellant's premises is not precluded by the doctrine of laches.

For the above stated reasons, we affirm the lower court's order.

Affirmed.