## Taylor v. Melchiorre Construction Company

*Martin K. Brigham,* for plaintiff.
*George B. Randolph,* for defendant.

OTT, *J.,* July 7, 1994—This matter is before the court on the preliminary objections of Melchiorre Construction Company to a motion in equity for discovery pursuant to Pa.R.C.P. 4009(c). John K. Taylor, plaintiff, who filed the complaint in equity, is the son of John E. Taylor, the decedent, and the administrator of his estate. Oral argument was held on May 9, 1994, and supplemental briefs were filed by schedule of the court following argument.

The issue presented is whether Rule 4009(c) permits a court to order discovery in an "independent action" in order to identify any third party when no other complaint has been filed, and when the employer is immune from civil suit pursuant to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1031. We believe the rule provides for such discovery.

The decedent was killed at a construction site when the walls of an excavation for sewer lines collapsed.

He was employed by a subcontractor, Melchiorre, and although he is aware of the immunity granted to Melchiorre by the Act, is investigating whether or not to commence a third party lawsuit. He is seeking the following documents and data from Melchiorre:

(A) Any contract or written agreement between Melchiorre and any other party, including the general contractor or owner, regarding Melchiorre's work at the Garnet Ridge work site;

(B) Copy of any contract or written document in Melchiorre's possession which outlines the respective responsibilities of the owner, general contractor, engineering firm or subcontractor regarding general supervision, operation and control of the work site (including safety);

(C) Any engineering drawings, specifications or guidelines issued to Melchiorre from the owner, general contractor, engineer or any other entity regarding the excavation, installation or the sewer lines and any requirements or specifications for shoring;

(D) Any and all witness statements obtained regarding the events of August 23, 1993;

(E) Any investigation or report regarding the incident;

(F) Any field notes, punch list or written documents regarding the progress of excavation or the trenching which were prepared by Melchiorre, the general contractor or the owner;

(G) The employer's report of injury which was forwarded to the Bureau of Workers' Compensation.

## DISCUSSION

Melchiorre argues that because he is immune from suit and therefore cannot be a party to a tort action, plaintiff cannot utilize Pa.R.C.P. 4009(c). We disagree.

That rule specifically provides for an independent action in equity against a non-party for the purpose of discovery.[1] Here, plaintiff's action was filed for that purpose.

The Supreme Court of Pennsylvania has made it clear that the exclusivity provision of the Act, 77 P.S. §481(a), which bars a common law action against an employer for injuries to which the Act applies, does not "preclude an employee from pursuing a common law claim against a third party." *Grant v. GAF Corp.,* 415 Pa. Super. 137, 160, 608 A.2d 1047, 1059 (1992).

The Superior Court allowed such an action in *Snyder v. Queen Cutlery Co.,* 357 Pa. Super. 456, 516 A.2d 71 (1986), which also involved a discovery action against a former employer that had settled through workmen's compensation years earlier, but which had in its possession a blade polishing machine which the plaintiff needed to inspect in order to know whether or not to pursue a third party action. Melchiorre argues that in *Snyder* an action had already been filed against the third party. While this is true, the rule does not require such a filing, nor did the holding in Snyder depend on that fact. Rather we read the holding in *Snyder* to be based on the plain meaning of the rule and the policy of allowing discovery in order to determine the feasibility of bringing a third party action. *Snyder, supra* at 460-61, 516 A.2d at 74. In the case at bar, the most logical way to proceed is for the plaintiff to identify third parties who are not employers, statutory or otherwise, rather than filing a suit which names the wrong party.

---

1. (c) This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land. Pa.R.C.P. 4009(c)

64

Because of the above, we enter the following:

ORDER

And now, July 7, 1994, the request of John K. Taylor is granted and the defendant, Melchiorre Construction Company, is required to provide the plaintiff with the documents and data as requested and restated in this opinion.